USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/14/2019

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
WILLIAM H. JENNINGS, II,               :
                                       :
              Plaintiff,               :
                                       :
     -against-                         :    No. 18 Civ. 1793 (JFK)
                                       :       OPINION & ORDER
HUNT COMPANIES, INC., and HUNT         :
FINANCIAL SERVICES, LLC,               :
                                       :
              Defendants.              :
                                       :
------------------------------------ X
```

APPEARANCES

FOR PLAINTIFF WILLIAM H. JENNINGS, II
    Eric Robert Stern
    Jonathan Scott Sack
    SACK & SACK, LLP

FOR DEFENDANTS HUNT COMPANIES, INC. and HUNT FINANCIAL SERVICES, LLC
    Alexander Benjamin Spiro
    Andrew Peter Marks
    Jennifer J. Barrett
    Nora Feher
    QUINN EMANUEL URQUHART & SULLIVAN LLP

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is a motion by Defendants Hunt Companies, Inc. ("HCI") and Hunt Financial Services, LLC ("HFS") (collectively, the "Defendants") to dismiss several of the claims in Plaintiff William H. Jennings II's ("Plaintiff" or "Jennings") complaint. For the reasons below, Defendants' motion is granted in part and denied in part.

## I. Background

### A. Factual Background

1

The Court takes the following facts and allegations from the complaint and, for the purposes of this motion, deems them to be true.

Plaintiff is a retired Wall Street executive who resides in Connecticut. (Compl. ¶¶ 13, 18, 25.) Defendant HFS is a Delaware limited liability company and—through a string of entities—is a wholly-owned subsidiary of Defendant HCI. (Id. ¶¶ 14-15.) HFS is an SEC-registered broker-dealer that provides business advisory services and acts as a "private placement agent" for structured and other financings. (Id. ¶ 16.) Defendant HCI is a Delaware corporation with its principal place of business in El Paso, Texas. (Id. ¶ 17.)

In October 2016, HCI's Executive Vice President Marc DeFife ("DeFife") contacted Plaintiff hoping to recruit him for a new business opportunity. (Id. ¶¶ 35-37.) HCI was seeking to expand its financial services sector and DeFife wanted Plaintiff to build a broker-dealer business for HCI "from the ground up." (Id. ¶¶ 47, 49, 53.)

On January 9, 2017, after several meetings and negotiations between Plaintiff, DeFife, HCI CEO Chris Hunt ("Hunt"), and HCI, Plaintiff executed a Management Agreement and an Employment Agreement (collectively, the "Agreements") with HFS.[1] (Id. ¶¶ 37,

---

[1] The complaint states that the Management Agreement was between Plaintiff and HCI. (Id. ¶ 84.) The Management Agreement attached to

2

52, 78, 83, 91; Ex. C, D.) The Employment Agreement made Plaintiff the president of HFS, guaranteed his employment for a minimum of seven years, and granted him "duties, responsibilities, and authority" as outlined in the Management Agreement. (Id. ¶¶ 84, 89, 95-96.) During his tenure, Plaintiff built HFS into a functioning and successful broker-dealer. (Id. ¶¶ 97-99, 135-151, 177, 180, 186, 223.)

On January 28, 2018, "out of the blue," HCI allegedly sought to "re-trade" Plaintiff. (Id. ¶ 180.) HCI attempted to force Plaintiff to re-negotiate the Employment Agreement by threatening to (1) withhold his $1.5 million "contractually earned and accrued bonus compensation" and (2) find a way to contractually terminate him, either by asking for his resignation or "drumming up some justification for terminating his employment" for cause, though HCI knew none existed. (Id. ¶¶ 181-82.) On February 1, 2018, after Plaintiff refused to "re-trade the terms of his Employment Agreement," HCI terminated Plaintiff without notice, cause, or opportunity to cure, allegedly breaching the Agreements. (Id. ¶¶ 183, 235, 277, 281.)

### B. Procedural Background

On February 27, 2018, Plaintiff filed a complaint before this Court alleging four causes of action against both

---

the complaint, however, makes clear that the agreement was between Plaintiff and HFS. (Id. at Ex. C.)

Defendants: two breach of contract claims for terminating him without cause in violation of each Agreement; a breach of the covenant of good faith and fair dealing claim; and a claim for violation of labor laws for failing to pay him due wages. Plaintiff alleges that the Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(a).

On April 20, 2018, Defendants filed this motion to (1) dismiss all claims against HCI, (2) dismiss the claims arising under New York's labor law and breach of the covenant of good faith against HFS, and (3) dismiss or strike Plaintiff's demand for punitive damages. Notably, Defendants have not moved to dismiss the breach of contract claims against HFS. The Court held oral argument on this motion on June 26, 2018.

## II. Legal Standard

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court's charge in ruling on a Rule 12(b)(6) motion "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 176 (2d Cir. 2004)

(quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). The Court must construe the complaint in the light most favorable to the plaintiff, "taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009). The Court, however, is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." Iqbal, 556 U.S. at 678. A complaint that offers such "labels and conclusions" or naked assertions without "further factual enhancement" will not survive a motion to dismiss. Id. (citing Twombly, 550 U.S. at 555, 557).

### III. Discussion

#### A. Breach of the Covenant of Good Faith & Labor Law Claims

In his brief opposing this motion to dismiss, Plaintiff states that "[i]n light of the relevant case law, Plaintiff withdraws his Labor Law and breach of the covenant of good faith and fair dealing claims, as well as his demand for punitive damages." (Pl.'s Mem. of Law in Opp. to Mot. to Dismiss at 4 n.3, ECF No. 19 (filed May 24, 2018) [hereinafter "Opp."].) Defendants request that the Court treat their motion as unopposed with respect to these claims and dismiss them with prejudice. (Defs.' Reply in Supp. of Mot. to Dismiss at 3, ECF No. 22 (filed June 14, 2018) [hereinafter "Rep."].)

A district court "may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." Felix v. City of New York, 344 F. Supp. 3d 644, 654-55 (S.D.N.Y. 2018) (quoting Arma v. Buyseasons, Inc., 591 F. Supp. 2d 637, 643 (S.D.N.Y. 2008)); see also Verdi v. City of New York, 306 F. Supp. 3d 532, 552 (S.D.N.Y. 2018) (dismissing such abandoned claims with prejudice); Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC, No. 08-cv-442 (TPG)(EM), 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014) ("At the motion to dismiss stage . . . a plaintiff abandons a claim by failing to address defendant's arguments in support of dismissing the claim.")

Here, Plaintiff acknowledges that his breach of the covenant of good faith and labor law claims, and demand for punitive damages cannot survive given the case law and has mounted no defense of these claims. (Opp. at 4 n.3.) Accordingly, the Court considers these claims abandoned and dismisses them with prejudice. Verdi, 306 F. Supp. 3d at 552.

### B. Breach of Contract Claims against HCI

Defendants argue that Plaintiff's breach of contract claims against HCI must be dismissed as Plaintiff improperly first asserted their breach of contract theory—that HCI can be held liable for Plaintiff's Agreements with HFS because they manifested an intent to be bound by that contract—in their

6

opposition to this motion. (Defs.' Mem. of Law in Supp. of Mot. to Dismiss at 6-7, ECF No. 14 (filed April 20, 2018) [hereinafter "Supp."]; Rep. at 3-10.) Alternatively, Defendants argue that these claims should be dismissed because Plaintiff has failed to adequately allege that HCI manifested an intent to be bound by the Agreements. (Id.)

### 1. Theory First Presented in Opposition Brief

Defendants argue that Plaintiff's breach of contract claims against HCI should be dismissed because his theory that HCI manifested an intent to be bound by the Agreements, thus making it liable for contracts to which it was not a party, was first made in his submission opposing Defendants' motion to dismiss. (Rep. at 3-5.) This, they argue, was impermissible because such a theory should be articulated in the complaint. (Id. at 5.)

Defendants' argument relies on four cases. First, Defendants rely on Travelers Cas. & Sur. Co. v. Dormitory Auth.-State of New York for the proposition that a "complaint's failure to apprise non-signatories to a contract of the rationale for a breach claim against them is fatal to those claims." (Id. at 4 (citing 735 F. Supp. 2d 42, 82 (S.D.N.Y. 2010).) The Travelers holding stated that because DASNY "did not give notice of [the breach of contract] claim to [the opposing party] in its pleadings," DASNY may not do so for the first time in summary judgment. 735 F. Supp. 2d at 82; see also

7

id. ("[T]he central purpose of a complaint is to provide the [opposing party] with notice of the claims asserted against it." (quoting Greenidge v. Allstate Ins. Co., 446 F.3d 356, 361 (2d Cir. 2006)). In so holding, the court observed that DASNY's "pleadings do not contain any words or phrases that would invoke even obliquely an argument that [the opposing party] dominated or controlled [a third party's] corporate form." Id. at 82 n.71. That is not the case here. Plaintiff plainly stated that he was bringing two breach of contract claims against HCI. (Compl. ¶¶ 274-282.) Further, as addressed in detail below, Plaintiff made the necessary factual pleadings to allege that HCI manifested an intent to be bound by the Agreements. (Id. ¶¶ 29, 47, 72, 81, 83-94, 90.) HCI was, thus, on notice of these claims against it and Plaintiff's rationale.

Second, Defendants cite three cases to support their argument that a party "may not raise a new claim or theory of liability in a brief opposing a motion to dismiss." (Id. at 4-5 (citing Perez v. Int'l Bhd. of Teamsters, AFL-CIO, No. 00 Civ. 1983 (LAP)(JCF), 2002 WL 31027580, at *4 (S.D.N.Y. Sept. 11, 2002); Cal Distrib. Inc. Cadbury Schweppes Ams. Bevs., Inc., No. 06 Civ. 0496 (RMB)(JCF), 2007 WL 54534, at *6 (S.D.N.Y. Jan. 5, 2007); Jacobson v. Peat, Marwick, Mitchell & Co., 445 F. Supp. 518, 526 (S.D.N.Y. 1977).) In relying on these cases, however, the Defendants have failed to recognize the distinction between

8

making a factual allegation and a legal argument. The courts in all three cases held that, in a brief on a motion to dismiss, a party may not amend its complaint through <u>new allegations or pleadings</u>, <u>not</u> that a party may not raise a new <u>theory</u> of liability. <u>Perez</u>, 2002 WL 31027580, at *4 (holding that "when opposing a motion to dismiss, a party may not amend his complaint through <u>new allegations</u> made in his briefs" where defendant made four additional factual allegations not included in the complaint) (emphasis added); <u>Cal Distrib.</u>, 2007 WL 54534, at *6 (holding that it "is axiomatic that [a] [c]omplaint cannot be <u>amended</u> by the briefs in opposition to a motion to dismiss" where plaintiffs first alleged an implied contract in a brief which contradicted allegations made in the complaint) (emphasis added); <u>Jacobson</u>, 445 F. Supp. at 526 (holding that "a party is not entitled to <u>amend</u> his pleading through statements in his brief" where a plaintiff did not state in the complaint the date on which he learned of misrepresentations) (emphasis added). Here, Plaintiff added no allegations that were not already in the complaint. He merely made a legal argument that makes use of existent allegations. Defendants have cited no authority that a legal theory must first be included in a complaint and, indeed, it is generally "inappropriate to include a legal argument . . . within a complaint." <u>Hayles v. Aspen Properties Grp., LLC</u>, No. 16 Civ. 8919 (JFK), 2018 WL 3849817, at *4

9

(S.D.N.Y. Aug. 13, 2018) (citing Anthes v. New York University, No. 17 Civ. 2511 (ALC), 2018 WL 1737540, at *19 (S.D.N.Y. Mar. 12, 2018)). Accordingly, the Court will not dismiss Plaintiff's breach of contract claims as to HCI for failure to state a legal theory in their complaint and Defendants' motion to dismiss on these grounds is denied.

### 2. Breach of Contract against a Non-Party

In general, "[u]nder New York law, a breach of contract action may only be maintained against a party to the contract." Capax Discovery, Inc. v. AEP RSD Inv'rs., LLC, F. Supp. 3d 579, 593 (W.D.N.Y. 2018) (citing Pac. Carlton Dev. Corp. v. 752 Pac., LLC, 62 A.D.3d 677, 678 (2d Dep't 2009)). A non-signatory parent corporation can, however, be held liable if its "conduct manifests an intent to be bound by the contract." Horsehead Indus., Inc. v. Metallgesellschaft AG, 239 A.D.2d 171, 171-72 (1st Dep't 1997). A court can infer such intent to be bound where the subsidiary is an "alter ego" of the parent. MBIA Ins. Corp. v. Royal Bank of Can., 706 F. Supp. 2d. 380, 396-97 (S.D.N.Y. 2009) (citing Warnaco Inc. v. VF Corp., 844 F. Supp. 940, 946 (S.D.N.Y. 1994); Horsehead, 239 A.D.2d at 172). A court can also infer such intent where a non-signatory "is in privity with the plaintiff or has assumed the obligations of the contract." Roldan v. Second Dev. Servs, Inc., 16-cv-2364 (DLI)(PK), 2018 WL 1701938, at *8 (E.D.N.Y. Mar. 30, 2018)

(quoting Impulse Mktg. Grp., Inc. v. Nat'l Small Bus. Alliance, Inc., No. 05-CV-7776 (KMK), 2007 WL 1701813, at *5 (S.D.N.Y. June 12, 2007)). Such an inference is based on "the totality of [a party's] expressed words and deeds." Id. (quoting MBIA, 706 F. Supp. 2d. at 397).

Here, as previously mentioned and as conceded by Plaintiff, the Agreements were signed between Plaintiff and HFS, not HCI. (Opp. at 5.) Nevertheless, Plaintiff argues that HCI manifested an intent to be bound by and benefit from the Agreements. (Id. at 5-8.) The complaint pleads that HFS is HCI's wholly owned subsidiary and that HFS was "formed to serve as parent entity of the then shell broker-dealer arm of" HCI. (Compl. ¶¶ 29, 47.) During negotiations of the Agreements, DeFife and Hunt—both HCI officers—assured Plaintiff that HCI was prepared to provide Plaintiff with whatever resources he needed to start and run HFS which both Agreements required Plaintiff to do. (Id. ¶¶ 72, 81, 84.) The complaint also states that HCI and Plaintiff "conducted intense negotiations over the terms and conditions" of the Agreements and that HCI's General Counsel transmitted the draft agreements to Plaintiff. (Id. ¶¶ 83-84, 90.) These allegations are sufficient to allege that HCI manifested an intent to be bound by the Agreements, despite not being a signatory. See SHLD, LLC v. Hall, 15 Civ. 6225 (LLS), 2016 WL 659109, at *8 (S.D.N.Y. Feb. 17, 2016) (finding a manifest

intent to be bound where the parent company's ownership and management—which was common with the subsidiary—used the parent entity to negotiate a contract with the plaintiffs); TransformaCon, Inc. v. Vista Equity Partners, Inc., No. 15-cv-3371 (SAS), 2015 WL 4461769, at *5 (S.D.N.Y. July 21, 2015) (finding a parent company had manifested an intent to be bound where plaintiff alleged that the subsidiary agreed to the contract under the parent's watch and control, parent company executives reviewed and approved it, and the parent would benefit from the contract); Horsehead, 239 A.D.2d at 172 (manifest intent can be inferred where (1) the parent participates "in the negotiation of the contract," (2) "the subsidiary is a dummy for the parent," or (3) "the subsidiary is controlled by the parent for the parent's own purposes."). Accordingly, Defendants' motion to dismiss the breach of contract claims against HCI is denied.

## Conclusion

For the reasons stated above, Defendants' motion to dismiss Plaintiff's breach of the covenant of good faith and fair dealing, labor law, and punitive damages claims against Defendants is GRANTED with prejudice. Defendants' motion to dismiss Plaintiff's breach of contract claims against Defendant HCI is DENIED. The Court further ORDERS both parties to attend

12

a case management conference on April 11, 2019 at 11 a.m., 500 Pearl Street, Courtroom 20C.

The Clerk of Court is respectfully directed to terminate the motion docketed at ECF No. 13.

**SO ORDERED.**

Dated:     New York, New York
             March 13, 2019

_____
John F. Keenan
United States District Judge